George JANSSEN, et al., Appellants,

v.

BEST & FLANAGAN, et al., Defendants,

and

Minneapolis Police Relief Association, Respondent.

No. CX–01–2207.

Court of Appeals of Minnesota.

June 4, 2002.

William J. Mavity, Pamela Marie Miller, Mavity & Associates, Minneapolis, for appellants.

Patrick J. McLaughlin, Eric John Moutz, Dorsey & Whitney, LLP, Minneapolis, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, LANSING, Judge, and FOLEY, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

FOLEY, Judge.*

This is a derivative action by appellants George Janssen and others, all retired or active members or widows of the Minneapolis Police Department, on behalf of respondent and nominal defendant Minneapolis Police Relief Association (MPRA), a nonprofit corporation. MPRA had declined to pursue claims against its former counsel after a special litigation committee had so advised. Appellants commenced this legal malpractice action derivatively, claiming the MPRA should not have relied on the committee's conclusion. The district court, after first deferring its decision on respondent's motion to dismiss, ultimately dismissed the action based on the committee's decision.

Appellants contend that their derivative legal malpractice action was improperly dismissed because (1) the nonprofit corporation statute does not authorize the appointment of a special litigation committee; (2) the court improperly deferred its initial decision that the committee action was invalid; and (3) the court erred in declining to review whether the committee pursued the procedures in good faith. Because there is no express statutory authority for a nonprofit corporation to appoint a special litigation committee, we reverse and remand.

## FACTS

Appellants George Janssen and others are former members and trustees of the Minneapolis Police Relief Association (MPRA), a nonprofit corporation that administers a police officers' pension fund. Appellants brought this legal malpractice action as a derivative claim on behalf of

Minn. Const. art. VI, § 10.

MPRA and against MPRA's former legal counsel and respondent MPRA's Board of Directors (the board). In response to appellants' demand that MPRA join the litigation, the board appointed a "special litigation committee," consisting of a single attorney, to evaluate whether joining was in the best interests of the corporation. After an investigation, the attorney rendered a report concluding that it was not in the best interests of MPRA to join appellants' suit.

On the strength of the attorney's report, the board filed a motion to dismiss the action. The district court reviewed the motion to dismiss, decided to defer the motion, and made findings. In its findings the district court limited the issue to whether the board was entitled to a dismissal pursuant to the principle that a district court must defer to the business judgment of a special litigation committee appointed by the board of directors to investigate a derivative claim. The district court concluded that the initial attorney's investigation failed to satisfy the business judgment rule because the board gave him only limited access to information and the investigation, therefore, lacked independence from the board. Nevertheless, the court set out directions for remedying the investigation, deferred its decision on the motion, and allowed the board 90 days to renew its motion.

In response to the court's order deferring its decision, the board passed a resolution authorizing the attorney access to any and all information he deemed necessary as suggested in the district court's findings. Acting as a special litigation committee, the attorney then conducted a second investigation. After this second investigation and report, the attorney again rendered an opinion that pursuing litigation was not in the best interests of the corporation. Based on the attorney's opin-

ion, the board again decided to forgo participation in the litigation brought by appellants. The board renewed its motion to dismiss and submitted the attorney's second report in support of the motion.

The district court granted the renewed motion finding that (1) MPRA remedied the deficiency of the investigation by passing a resolution authorizing the attorney unrestricted access to information; (2) the attorney based his conclusions on a business judgment standard; and (3) the second investigation was conducted in good faith and was independent because the report noted that the attorney had unrestricted access to information. The district court further noted that its review of the investigation was limited to only the procedural aspects of the investigation, finding that the second investigation was conducted in good faith. This appeal followed.

## ISSUE

Did the district court err in granting the board's motion to dismiss?

## ANALYSIS

 On appeal from a judgment of dismissal for failure to state a claim upon which relief can be granted, we review de novo the legal sufficiency of the claim. *Leonard v. Northwest Airlines, Inc.*, 605 N.W.2d 425, 428 (Minn.App.2000), *review denied* (Minn. Apr. 18, 2000); *see* Minn. R. Civ. P. 12.02(e). In reviewing such cases, the only question before the reviewing court is whether the complaint sets forth a legally sufficient claim for relief. *Barton v. Moore*, 558 N.W.2d 746, 749 (Minn. 1997).

Whether nonprofit corporations may appoint special litigation committees to investigate derivative suits is a case of first impression in this state. In granting the board's motion to dismiss, the district

court determined that special litigation committees, such as those provided for in the Minnesota Business Corporation Act, Minn.Stat. §§ 302A.001–.917 (2000), are authorized by the Minnesota Nonprofit Corporation Act, Minn.Stat. §§ 317A.001–.909 (2000). We disagree.

The district court found that: (1) the nonprofit corporation statute, which authorizes a board of directors to appoint general committees, also includes the authority to appoint a special litigation committee under Minn.Stat. § 317A.241, subds. 1, 2 (2000); (2) even without express statutory authority for nonprofit corporations to appoint special litigation committees, there is nothing to suggest that such an independent committee cannot be appointed; (3) the standard of review for a nonprofit corporation's decision is the business judgment standard; (4) a district court must defer to the business judgment of special litigation committees of nonprofit corporations; and (5) a district court is limited in its review of special litigation committee investigations to whether the investigation was conducted in good faith and independent of the board of directors.

■■■ Business entities are creatures of statute. *State by Humphrey v. Ri–Mel, Inc.,* 417 N.W.2d 102, 106–07 (Minn.App. 1987), *review denied* (Minn. Feb. 17, 1988). Unlike the business corporation statute, the nonprofit corporation statute does not expressly authorize a board of directors to appoint a special litigation committee to investigate claims of members. Both statutes provide for resolutions establishing committees approved by the affirmative vote of a majority of the board. Minn. Stat. §§ 302A.241, subd. 1, 317A.241, subd. 1 (2000). Both statutes also vest in the committees the authority of the board in the management of the business of the corporation to the extent provided in the resolution. *Id.,* §§ 302A.241, subd. 1,

317A.241, subd. 1. As for committees established under the nonprofit corporation statute, "[c]ommittees are subject at all times to the direction and control of the board." *Id.,* § 317A.241, subd. 1. While the business corporation statute also subjects committees "at all times to the direction and control of the board," it specifically excepts special litigation committees from this requirement.

Committees may include a special litigation committee consisting of one or more independent directors or other independent persons to consider legal rights or remedies of the corporation and whether those rights and remedies should be pursued. Committees other than special litigation committees * * * are subject at all times to the direction and control of the board.

*Id.,* § 302A.241, subd. 1.

Comparing the statutory language, it is significant that the nonprofit corporation statute does not contain the business corporation statute's express language authorizing its board of directors to appoint a special litigation committee. Minn.Stat. § 645.16 (2000) (when words of law are clear, letter of law shall not be disregarded). Specifically, authorizing the use of special litigation committees by for-profit corporations and omitting any reference to them for nonprofit corporations is a clear statement of legislative intent to treat the business entities differently in this aspect of management.

■■■ Special litigation committees provide for an independent evaluation of a derivative action. They serve to balance the rights and duties of the board and the dissenting shareholder by providing the corporation with "an important tool to rid itself of meritless or harmful litigation" while preventing directors from using the committee "to wrest control of bona fide derivative claims away from well-meaning

plaintiffs." 13 William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 6019.50 (1995 & Supp. 2001). Thus, the success of a committee's evaluation of a derivative claim is dependent on the control the board has over the committee's decision making. *See Zapata Corp. v. Maldonado,* 430 A.2d 779, 787 (Del.1981) (questioning whether "inquiry as to independence, good faith and reasonable investigation is sufficient safeguard against abuse"). While the board's control over committees is typically absolute, the board must delegate its control to the special litigation committee.

■ When Minnesota's business corporation statute was amended to include the current specific language authorizing the board to appoint special litigation committees and to delegate its control, however, the legislature declined to include the same language in the nonprofit corporation statute. 1989 Minn. Laws chs. 304, § 43; 172, § 5. Despite many subsequent opportunities to provide parallel special litigation committee language for nonprofit corporations, the legislature has not acted. It is the function of this court to interpret the statute and not determine its "wisdom and utility." *Black v. NuAire, Inc.,* 426 N.W.2d 203, 211 (Minn.App.1988), *review denied* (Minn. Aug. 24, 1988) (rejecting argument that business corporation statute applied only to publicly held corporation and not small, closely held corporation). Consequently, the district court erred in applying the special litigation committee concept contained in the business corporation statute to a nonprofit corporation.

■ Even if we were to hold that nonprofit corporations have the authority to appoint special litigation committees, in this case we would conclude that the special litigation committee failed to meet the threshold of the business judgment rule. *See Skoglund v. Brady,* 541 N.W.2d 17, 21

(Minn.App.1995) (applying business judgment rule, limiting review to whether special litigation committee was independent and conducted investigation in good faith), *review denied* (Minn. Feb. 27, 1996). The business judgment rule generally

> vests responsibility for decision making in the corporation's board of directors and precludes stockholders from disrupting the board's decision through derivative actions where the board has determined a particular action is not in the corporation's best interests.

*Black,* 426 N.W.2d at 210. The standard for reviewing special litigation committee conclusions adheres to the business judgment rule by limiting review to "whether the committee was independent and conducted its investigation in good faith." *Drilling v. Berman,* 589 N.W.2d 503, 507 (Minn.App.1999) (citations omitted), *review denied* (Minn. May 18, 1999). If an investigation fails to meet the threshold independence and good-faith tests, therefore, the court does not defer to the special litigation committee conclusions.

Here, the district court found that the initial report by the investigating attorney failed the independence and good-faith requirements in three respects. First, the district court noted in its order deferring decision on appellants' motion to dismiss that the investigation could not survive the limited review of independence and good faith as required by the business judgment rule, and that

> the court cannot find that [the attorney] was independent, because he was told by the board of directors what to believe. * * * If he was to be truly independent, the decision of whether to conduct additional original factual investigation should have been his.

Second, the district court noted that in conducting the investigation, the attorney

did not seek or receive input from appellants and

> [t]he court can think of no good reason why an independent and thorough investigator would not welcome input, including factual material and legal argument, from any party in a position to make a meaningful contribution. The court assumes that [the attorney] did not seek input from [appellants] because the instructions he received from the board were to conduct a limited investigation.

Finally, the district court correctly noted that the attorney failed to render a business judgment decision, and instead offered the board a legal opinion.

Despite these flaws, the district court nonetheless deferred the dismissal motion and allowed the corporation an opportunity to remedy the deficiencies. In its order, the district court provided criteria for a second investigation that would satisfy the independence and good faith requirements. The district court order essentially directed respondent to engage in another investigation according to the district court's directions. Following the district court's directions, however, the board still ran afoul of the nonprofit corporation statute. The board could not, under the nonprofit corporation statute, delegate its duty to direct and control the committee, a prerequisite for an independent investigation.

The district court limited its review of the renewed motion to dismiss to only the second investigation conducted by the attorney. In reviewing the procedural aspects of the second report, the district court determined that it was unnecessary to refer to its original findings, felt obliged to defer to the committee's conclusion, and granted respondent's motion to dismiss. But the district court's subsequent review of the deferred motion ignored the totality of the findings of the first motion, as well as the plain reading of the statute requir-

ing that committees are at all times subject to the direction and control of the board. After finding that a special litigation committee failed to conduct an investigation independently or in good faith, that is, free of board control, a court is precluded from deferring to the committee's decision, and thus, here, the district court erred in granting respondent's motion to dismiss.

## DECISION

Because the district court erroneously concluded that the nonprofit corporation statute authorized special litigation committees, the court erred by granting respondent's motion to dismiss. We reverse and remand for trial.

**Reversed and remanded.**