George JANSSEN, et al., Respondents,

v.

BEST & FLANAGAN, LLP, et al., Appellants.

No. A03–1893.

Supreme Court of Minnesota.

Oct. 13, 2005.

Bassford Remele, P.A., Lewis A. Remele, Jr., Charles E. Lundberg, Minneapolis, for appellant.

Mavity & Associates, William J. Mavity, Red Wing, for respondent.

## OPINION

ANDERSON, PAUL H., Justice.

Appellants, the Minneapolis law firm of Best & Flanagan and two of its attorneys (Best & Flanagan), appeal from a Minnesota Court of Appeals decision that a district court order denying their motion to dismiss on remand was not based on jurisdictional grounds and therefore was not immediately appealable. Best & Flanagan claims that the district court lost jurisdiction over it when the court entered judgment dismissing the claims of respondents, George Janssen, et al. (Janssen), against all defendants, and Janssen failed to include Best & Flanagan as a party to the appeal from that judgment. We reverse the court of appeals' decision.

The facts concerning Janssen's shareholder's derivative cause of action on behalf of the Minneapolis Police Relief Association (MPRA) against Best & Flanagan are fully set forth in our earlier opinion in *Janssen v. Best & Flanagan*, 662 N.W.2d 876 (Minn.2003) (*Janssen I*). Therefore, we will only reiterate the facts pertinent to the resolution of the issues raised in this appeal.

In May 2000, Janssen commenced a shareholder's derivative action on behalf of MPRA against Best & Flanagan for legal malpractice, alleging that Best & Flanagan, as counsel for the MPRA, failed to conduct a "due diligence" inquiry into one of MPRA's investments. Janssen also named the MPRA Board as a defendant and MPRA as a "nominal defendant." Janssen made a demand on MPRA that it join in the action against Best & Flanagan after commencement of the action and defendants' threat to move to dismiss if demand was not made in compliance with the requirements for maintaining a derivative action under Minn. R. Civ. P. 23.06. After Janssen's demand, MPRA appointed attorney Robert Murnane as independent Special Counsel to act as a Special Litigation Committee (SLC) to review the cause of action.

After completing his first review of the cause of action, Murnane recommended against pursuing the legal malpractice claim. The MPRA decided to follow Murnane's recommendation and brought a motion to dismiss Janssen's shareholder's derivative action, arguing that the district court should defer to the MPRA's decision under the business judgment rule. Best & Flanagan submitted a separate motion to dismiss, arguing that Janssen's action was legally deficient because Best & Flanagan had no attorney-client relationship with Janssen and other MPRA members who were plaintiffs. Best & Flanagan alternatively based its motion on the business judgment rule argument made by the MPRA.

The district court heard both motions. On November 20, 2000, the court issued an order deferring any decision on "defendants' motion to dismiss." In a memorandum accompanying its order, the court concluded that Best & Flanagan's motion to dismiss based on the lack of an attorney-client relationship with the plaintiffs was moot, explaining:

> The lawyer defendants have moved to dismiss because they had no attorney-client relationship with the plaintiffs. However, the plaintiffs have made clear that their action is brought solely on behalf of the MPRA, which all parties agree did have an attorney-client relationship with the lawyer defendants. Accordingly, the lawyer defendants' motion is moot, and the court has considered only the arguments raised by the MPRA.[1]

As the court indicated, it substantively addressed only the business judgment rule issue raised by MPRA. The court found deficiencies in Murnane's review that prevented it from concluding that the good faith and independence standards of the business judgment rule were satisfied, but noted that it was possible those deficiencies could be easily remedied. Accordingly, rather than denying MPRA's motion, the court gave MPRA and Murnane an opportunity to remedy the defects of the first review.

After MPRA received the district court's order, it allowed Murnane considerably

---

1. In its reply memorandum in support of its motion to dismiss, Best & Flanagan had made it clear that the attorney-client relationship argument was directed at any possible *direct* claims asserted by the plaintiffs and essentially conceded the mootness of that argument in light of Janssen's concession that only derivative claims were asserted.

more latitude in conducting a second review. Following his second review, Murnane again recommended against pursuing the legal malpractice claim, and MPRA again decided to follow his recommendation.

This decision led MPRA and Best & Flanagan to renew their motions to dismiss. The district court heard the renewed motions and permitted all parties, including both MPRA and Best & Flanagan to make oral argument and submit memoranda. Again, the court only addressed the substance of MPRA's business judgment rule argument, but this time it concluded that Murnane's review was independent and conducted in good faith. Applying the business judgment rule, the court then deferred to MPRA's decision to adopt Murnane's recommendation not to pursue the malpractice claims and issued an order on October 15, 2001 granting "Defendants' Motion to Dismiss." In its order and accompanying memorandum, the court did not refer to the defendants separately by name, or otherwise differentiate between the defendants or their motions. The court concluded in its memorandum:

> Based on the recommendation of its special litigation committee, the MPRA board has declined to sue its lawyers. Because that committee was independent and acted in good faith, this court has no authority to reverse the MPRA's decision. *Plaintiffs' Complaint must be dismissed.*

(Emphasis added.) On October 22, 2001, judgment was entered adjudging that "Defendants' Motion to Dismiss is granted," and incorporating the memorandum that accompanied the court's order.

Janssen appealed.[2] Janssen did not serve Best & Flanagan with the notice of appeal. Nor did Janssen list Best & Flanagan as a respondent to the appeal or Best & Flanagan's counsel as attorneys on the appeal in any documents relating to the appeal.

The court of appeals reversed the district court's dismissal and remanded for trial. *Janssen v. Best & Flanagan,* 645 N.W.2d 495 (Minn.App.2002). The court of appeals concluded that the Minnesota Nonprofit Corporations Act (MNCA), Minn.Stat. ch. 317A, does not give authority to nonprofit corporations to appoint an independent SLC to evaluate a shareholder's derivative action. The court also noted that even if a nonprofit corporation did have such statutory authority, in this case Murnane failed to meet the business judgment rule threshold test of independence and good faith.

On further review, we affirmed the court of appeals, but on different grounds. *Janssen I.* We held that the MNCA does not prohibit nonprofit corporations from appointing independent SLC's with the authority to decide whether the corporation should join a shareholder's derivative action. *Janssen I,* 662 N.W.2d at 888. We also determined that after the district court initially was unable to find sufficient indicia of independence and good faith in Murnane's investigation to invoke the business judgment rule, the court should not have given Murnane an opportunity to conduct a second review. Thus, our analysis of the business judgment rule focused on Murnane's first review. Because we concluded that Murnane failed to conduct his first review with sufficient independence and good faith to deserve the deference of

---

**2.** Janssen's notice of appeal referred to the district court's October 15, 2001 order granting the motion to dismiss. The court of appeals rendered its decision determining that the order granting the motion to dismiss was not appealable, but construed the appeal to be from the October 22 judgment.

the business judgment rule, we held that the district court erred when it granted MPRA's motion to dismiss Janssen's shareholder's derivative action against Best & Flanagan. We then remanded the case to the district court for trial. *Id.* at 890.

On remand to the district court, Best & Flanagan again moved to dismiss. Best & Flanagan argued that the district court's October 22, 2001 judgment granting the motion to dismiss as to all defendants had become final as to Best & Flanagan. Best & Flanagan asserted that because it was not named in or served with the notice of appeal and did not participate in *Janssen I*, the district court no longer had jurisdiction over it.

In response to Best & Flanagan's motion, the district court observed that the caption of Janssen's appellate brief in *Janssen I* lists MPRA as "Defendant and Respondent" while referring to Best & Flanagan only as Defendants but not Respondents. Further, the court observed that all appellate orders, opinions, and briefs in *Janssen I* listed Best & Flanagan only as "defendants," not respondents or appellants. Nevertheless, the court issued an order on November 25, 2003, denying Best & Flanagan's motion. The court concluded that it was constrained by the mandate of our court because we remanded the case for trial. But the district court invited an immediate appeal of this issue which it deemed "jurisdictional." Best & Flanagan then appealed.

Janssen moved to dismiss the appeal. The court of appeals concluded that the district court's order did not involve jurisdiction, but rather an interpretation of remand instructions from the court of appeals and our court. As a result, the court of appeals concluded that the district court's order was not immediately appealable and dismissed the appeal. Best & Flanagan petitioned for review.

## I.

■ We must determine if the district court's denial of Best & Flanagan's motion to dismiss was immediately appealable. To do so, we must decide whether the court's November 25, 2003 order involves an issue of jurisdiction or only an interpretation of appellate court instructions on remand. An order denying a motion to dismiss for lack of jurisdiction is appealable as a matter of right, as it is not merely retention of the action for trial, but a determination compelling the defendant to take on the burden of litigation that it has a legal right to avoid. *McGowan v. Our Savior's Lutheran Church,* 527 N.W.2d 830, 833 (Minn.1995) (holding dismissal based on lack of subject matter jurisdiction is appealable); *Hunt v. Nev. State Bank,* 285 Minn. 77, 88, 172 N.W.2d 292, 300 (1969) (holding dismissal based on lack of personal jurisdiction is appealable). Therefore, if the district court's order denying Best & Flanagan's motion to dismiss was based, at least in part, on the court's rejection of jurisdictional grounds for dismissal, the court's order was immediately appealable. If, on the other hand, the court's order was based solely on the court's interpretation of the instructions remanding the case "for trial," the order was not immediately appealable.

■ We have held that district courts are given broad discretion to determine how to proceed on remand, as they may act in any way not inconsistent with the remand instructions provided. *John Wright & Assocs. v. City of Red Wing,* 256 Minn. 101, 102, 97 N.W.2d 432, 434 (1959). Appellate courts review a district court's compliance with remand instructions under the deferential abuse of discretion standard. *See Halverson v. Vill. of Deerwood,* 322 N.W.2d 761, 766–67 (Minn.1982). Neither the Rules of Civil Appellate Procedure nor our case law permits a party to

appeal a district court's interpretation of a remand order before a final judgment is entered.

■ In its motion, Best & Flanagan sought to be dismissed from the action on the ground that the district court lacked jurisdiction over the claims against it. Best & Flanagan argued that the district court's October 15, 2001 order and the subsequent judgment dismissed Janssen's claims against all defendants. Therefore, Best & Flanagan contends, when Janssen did not serve them with the notice of appeal, the judgment of dismissal became final as to the claims against Best & Flanagan, depriving the appellate courts of jurisdiction over those claims in the first appeal and, as relevant here, depriving the district court of jurisdiction over those claims on remand.

Although Best & Flanagan's motion to dismiss was integrally related to the ability of the district court to carry out our remand instructions, the core of its argument was that the court lacked jurisdiction over the claims against it. Similarly, although the district court denied the motion based on concern for frustrating the remand order, as the court recognized, its denial resulted in rejection of Best & Flanagan's jurisdictional argument.

We conclude that if we were to treat the district court's order denying Best & Flanagan's motion to dismiss after remand as only involving an interpretation of remand instructions, we would ignore the essence of Best & Flanagan's motion. The inescapable result of this conclusion is that denial of Best & Flanagan's motion to

dismiss after remand was at least in part based on lack of jurisdiction and, as we have previously held, denial of a motion to dismiss for lack of jurisdiction is appealable as a matter of right. *McGowan*, 527 N.W.2d at 833. Therefore, we hold that the court of appeals erred when it held that the district court's order denying Best & Flanagan's motion was not immediately appealable.

## II.

We now address the merits of Best & Flanagan's appeal—whether the district court still had jurisdiction over the claims against Best & Flanagan on remand.[3] We begin by noting that we limited our analysis in *Janssen I* to the business judgment rule issue. The parties did not direct our attention to Janssen's failure to make Best & Flanagan a party to that appeal or raise the legal implications of that failure, and we did not address the issue. As a result, we conclude that our order for remand for trial in *Janssen I* should not be taken as foreclosing Best & Flanagan's arguments in this appeal.

Best & Flanagan argues that the district court's October 15, 2001 order and the judgment entered based on that order dismissed Janssen's claims against *all* defendants and that when Janssen did not serve Best & Flanagan with the notice of appeal, the judgment of dismissal became final as to the claims against Best & Flanagan. As a result, Best & Flanagan argues, the courts no longer have jurisdiction over those claims.

---

**3.** In cases where we have concluded that the court of appeals erroneously dismissed an appeal, our typical practice has been to remand to that court for consideration of the merits of the appeal. *E.g., Engvall v. Soo Line R.R. Co.*, 605 N.W.2d 738, 745 (Minn.2000). When appropriate, however, we have addressed the merits of the appeal. Here, the parties have

already been through one round of appellate review culminating in *Janssen I* and now this second round. Remand to the court of appeals could result in yet a third round. As the parties have fully briefed the merits, in the interests of judicial economy and fairness to the parties, we will address the issue rather than remand to the court of appeals.

It is axiomatic that a judgment or appealable order becomes final if a timely appeal is not taken. *See, e.g., Carlson v. Panuska*, 555 N.W.2d 745, 746 (Minn.1996) ("The Panuskas did not appeal the entry of the default judgment. On September 25, 1994, the time limit for appealing the judgment expired and the judgment became final."); *Dieseth v. Calder Mfg. Co.*, 275 Minn. 365, 370–71, 147 N.W.2d 100, 103 (1966) ("It follows that inasmuch as the original order was appealable and no appeal was taken from it during the time within which that could be done, it is a final adjudication * * *."). Here, a timely appeal was taken from the judgment, but only one of the defendants, MPRA, was served with the notice of appeal and thereby made party to the appeal. It is well-established that failure to serve the notice of appeal on an adverse party means that the appellate court cannot alter the judgment as to that party. *See, e.g., Thwing v. Minowa Co.*, 139 Minn. 157, 159–60, 165 N.W. 1065, 1066 (1918) ("[T]he notice of appeal must be served on each adverse party as to whom it is sought to review, in this court, any order or judgment * * *. Where the order appealed from is indivisible, and must be affirmed, modified, or reversed as to all parties to the action or proceeding, the appeal must be dismissed if they are not all made to parties to the appeal."); *Thayer v. Duffy*, 240 Minn. 234, 255, 63 N.W.2d 28, 40 (1953) ("[I]t also appears settled that, when an adverse party has not been served with notice of appeal from a judgment or order which is divisible, the appeal need not be dismissed but our consideration thereof will be limited to issues between appellant and the parties properly served with such notice."). Thus, whether by reason of dismissal of the appeal of an indivisible judgment or, in the case of a divisible judgment, the limitation of appellate issues to those affecting properly served parties, it is apparent that as to an adverse party not served with the notice of appeal, the appellate court cannot act. In other words, the judgment is final as to a party not served with the notice of appeal.

Janssen does not disagree with these principles or assert that he made Best & Flanagan a party to the appeal. Instead, Janssen contends that there was no need to serve Best & Flanagan because there was no issue for Janssen to appeal as to Best & Flanagan. Janssen contends that neither the October 15, 2001 dismissal order nor the resulting judgment affected the claims against Best & Flanagan because, according to Janssen, the district court granted only MPRA's motion to dismiss. The basis for this argument is the court's statement in its November 20, 2000 order that "the lawyer defendants' motion is moot, and the court has considered only the arguments raised by the MPRA." Janssen argues that this ruling denied Best & Flanagan's motion to dismiss, and the court's subsequent October 15, 2001 ruling therefore addressed only MPRA's motion, without affecting the claims against Best & Flanagan.

We find Janssen's argument unpersuasive for several reasons. First, Best & Flanagan's motion to dismiss was not based solely on the attorney-client argument that was the subject of the district court's mootness ruling in the November 20, 2000 order. Best & Flanagan also sought dismissal based on the business judgment rule grounds argued by MPRA, adopting MPRA's argument on that issue. Second, although Janssen argues Best & Flanagan had no standing to argue for dismissal based on the business judgment rule, the court allowed Best & Flanagan to participate in the proceedings on the renewed dismissal motion, indicating that the court thought Best & Flanagan had an interest in the outcome of that motion. Third, the court's October 15, 2001 order

and the October 22, 2001 judgment both stated that "Defendants'" motion to dismiss was granted. Had only MPRA's motion been at issue, it should have been the singular "Defendant's" motion dismissed.

■ Perhaps most significantly, the district court concluded in its memorandum that accompanied the dismissal order (which was incorporated into the judgment) that "Plaintiffs' Complaint must be dismissed." The court did not limit that dismissal to claims against MPRA. In fact, it is difficult to conceive how it could have done so. MPRA was named only as a nominal defendant. In this derivative action, the claims were brought on behalf of MPRA and were asserted only against Best & Flanagan. Therefore, dismissal of the complaint necessarily went to the claims against Best & Flanagan. The record indicates that the district court understood this and that its ruling on the business judgment rule necessarily affected the viability of the derivative action against Best & Flanagan. The court explained in its memorandum accompanying the November 20, 2000 order that "[t]he business judgment rule operates *to bar a shareholder derivative action* on behalf of a corporation when the board of directors determines that the action is not in the corporation's best interests." (Emphasis added.) Janssen advances no legally sound explanation of how the claims against Best & Flanagan could continue to exist after the granting of MPRA's motion.

In sum, the language of the October 22 dismissal order, the court's memorandum, and the judgment are all consistent with dismissal of Janssen's claims against all defendants. In contrast, there is nothing in any of those documents that suggests that the dismissal did not affect the claims against Best & Flanagan.

Furthermore, as Best & Flanagan correctly points out, if the order and judgment granted only MPRA's motion and left the claims against Best & Flanagan viable, the judgment, which then would have covered only some of the claims or some of the parties, would not have been appealable without compliance with the requirements of Minn. R. Civ. P. 54.02, providing that the court may direct entry of final judgment as to one or more, but fewer than all, of the claims or parties only upon an express determination that there was no reason for delay and that judgment should be entered. *See Buchman Plumbing Co. v. Regents of the Univ. of Minnesota*, 293 Minn. 437, 439, 196 N.W.2d 629, 630 (1972) (per curiam) ("We therefore hold that in a multiparty action an order dismissing one of the parties for failure to state a claim upon which relief may be granted is not an appealable order and that an appeal from such an order must be dismissed unless the trial court expressly determines that there is no reason for delay and directs the entry of judgment thereon.").

We conclude that the district court's judgment dismissed the claims against Best & Flanagan and that judgment became final when the period to appeal from the judgment expired without Janssen making Best & Flanagan a party to a timely appeal. Because the dismissal was final as to the claims against Best & Flanagan, the district court had no jurisdiction over those claims on remand.

Reversed and remanded to the district court for dismissal.

ANDERSON, G. BARRY, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.