**In re the Marriage of Barbara E. HALL, Petitioner, Appellant,**

v.

**Gerald E. HALL, Respondent.**

**No. C1–87–1438.**

Court of Appeals of Minnesota.

Jan. 5, 1988.

Brian T. Carlson, Eden Prairie, for appellant.

Allan W. Lamkin, Waconia, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

Barbara Hall appeals the original and amended dissolution decree. She contends that the trial court abused its discretion in (1) awarding her temporary instead of permanent spousal maintenance, (2) failing to require respondent to pay her attorney fees, and (3) ordering her to reimburse respondent for half of the home-related payments he made under a temporary order. We affirm.

## FACTS

In February 1986, the parties separated after eighteen years of marriage. Under a temporary order, Gerald Hall paid the monthly mortgage obligation and monthly payments on joint debts. Appellant remained in the family home and paid all fuel, utilities and reasonable maintenance costs. The parties divided the costs of taxes and insurance on the home.

The marriage was dissolved on June 3, 1987. At the time of the dissolution, each party was 39 years of age and had a high school education. Appellant worked part-time several times during the marriage. Until she acquired her present employment two years prior to the dissolution, her net monthly income did not exceed $300 per month. She is currently employed full-time with a net monthly income of $978.24.

Respondent is employed full-time at Anchor Glass Container Corporation. With overtime pay, respondent's net monthly income is $2536. Without overtime pay, respondent's net monthly income is $2049.

The court found that appellant had a limited earning ability and that she wanted to obtain a four year bachelor's degree. The court found she was in need of rehabilitative maintenance in order to improve her career opportunities and make her self-sufficient, and that respondent was financially able to pay rehabilitative maintenance of $300 per month for 36 months.

Each party was awarded an undivided one half interest in the homestead. Respondent was ordered to pay the monthly mortgage, mortgage insurance and home improvement loan obligations until the home could be sold. The home sale proceeds were to be used to satisfy the joint debts with the balance to be divided equally. Appellant was ordered to reimburse respondent for one half of the principal and interest payments he had made pursuant to the temporary order. The court found that upon the sale of the home, the parties will have the ability to pay their own attorney fees.

Appellant was awarded the 1982 Pontiac automobile with a fair market value of $3000 and $1945 which was half the value of respondent's pension plan. Respondent was awarded a 1981 Pontiac automobile and a 1977 Ford F150 truck worth about $500.

The parties 18–year-old daughter was living with her mother until she graduated from high school and left for college, and they share joint custody of their 16–year-old son who lives with his father. The issue of appellant's payment of child support to respondent was reserved.

Following appellant's motion, an amended judgment and decree was filed which, following equal division of the sale proceeds, required each party to reimburse the other for one half of all the payments made since the date of the temporary order. Appellant must reimburse respondent for one half of the principal, but not interest, payments he made on the monthly mortgage, mortgage insurance and home improvement loan.

### ISSUES

1. Did the trial court err in awarding temporary spousal maintenance of $300 per month for 36 months rather than permanent maintenance of $500 per month?

2. Did the trial court err in ordering the parties to pay their own attorney fees?

3. Did the trial court err in requiring appellant to reimburse respondent for house payments he paid pursuant to the temporary order?

4. Must appellant submit a transcript on appeal?

### ANALYSIS

1. *Spousal Maintenance Award*

■ The appellate standard in reviewing spousal maintenance awards is whether the trial court abused its discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). In awarding spousal maintenance, the trial court first must consider the standard of living established during the marriage and whether appellant (a) lacks sufficient property to provide for her reasonable needs or (b) is unable to support herself adequately. Minn.Stat. § 518.552, subd. 1 (1986). Some relevant factors to consider in setting the amount and duration of a spousal maintenance award are:

(a) the financial resources of the party seeking maintenance, including marital property apportioned to the party, and the party's ability to meet needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, and the probability, given the party's age and skills, of completing education or training and becoming fully or partially self-supporting;

(c) the standard of living established during the marriage;

(d) the duration of the marriage and, in the case of a homemaker, the length of absence from employment and the extent to which any education, skills, or experience have become outmoded and earning capacity has become permanently diminished;

(e) the loss of earnings, seniority, retirement benefits, and other employment opportunities foregone by the spouse seeking spousal maintenance;

(f) the age, and the physical and emotional condition of the spouse seeking maintenance;

(g) the ability of the spouse from whom maintenance is sought to meet needs while meeting those of the spouse seeking maintenance; and

(h) the contribution of each party in the acquisition, preservation, depreciation, or appreciation in the amount of value of the marital property, as well as the contribution of a spouse as a homemaker or in furtherance of the other party's employment or business.

Minn.Stat. § 518.552, subd. 2 (1986).

Nothing in this section shall be construed to favor a temporary award of maintenance over a permanent award,

where the factors under subdivision 2 justify a permanent award.

Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification.

Minn.Stat. § 518.552, subd. 3 (1986).

An award of temporary maintenance is based on the assumption that the party receiving the award not only should strive to obtain suitable employment and· become self-supporting but that he or she will attain that goal.

*Nardini v. Nardini*, 414 N.W.2d 184, 198 (Minn.1987).

■ Here, the trial court found that appellant has a limited earning ability and needs rehabilitative maintenance to become self-sufficient. There was no evidence that appellant is unlikely to become self-sufficient.

The *Nardini* court stated:

Had [Mrs. Nardini] pursued her own business career during the marriage or had the marriage been of shorter duration and the parties younger at the time of its dissolution, there might be no need for permanent maintenance.

*Id.* Here, unlike 56–year-old Mrs. Nardini, appellant was 39 years old at the time of the dissolution. Appellant had been married for 18 years while the Nardini marriage lasted 31 years. Appellant is currently working and had worked sporadically during the marriage. Though the parties did not have the property that the Nardinis had, appellant received a car, half of respondent's pension and a half interest in the homestead in the property distribution. The trial court did not abuse its discretion in awarding appellant rehabilitative maintenance of $300 per month for three years.

2. *Attorney fees*

■ In dissolution proceedings, after consideration of the financial resources of both parties, the trial court may require one party to pay the attorney fees of the other party. Minn.Stat. § 518.14 (1986). The award of attorney fees is discretionary. *Solon v. Solon*, 255 N.W.2d 395, 397

(Minn.1977). Requiring one spouse to pay the attorney fees of the other spouse has been reversed where the findings did not indicate the other spouse needed financial assistance to contest the matter. *Abuzzahab v. Abuzzahab*, 359 N.W.2d 329, 333 (Minn.Ct.App.1984).

Here, the only significant asset is the parties' home. The trial court expressly found that the home sale proceeds would cover each party's attorney fees and appellant received $11,000 from the sale. Though respondent's net income is greater than appellant's, the record does not show that she is in need of financial assistance to contest this dissolution. The trial court did not abuse its discretion in requiring the parties to pay their own attorney fees.

3. *Reimbursement of home-related payments*

■ Appellant argues that she should not reimburse respondent for home mortgage, mortgage insurance and home improvement loan payments pursuant to the temporary order because those payments were made in lieu of spousal maintenance payments. The record does not support this argument.

4. *Transcript*

■ Both parties are very concerned because there is no transcript on appeal. However, under Minn.R.App.P. 110.02, subd. 1, both parties had an opportunity to include the transcript or parts thereof. Appellant chose not to provide a transcript. If the respondent decided that a transcript was necessary, he should have ordered it or obtained an order from the trial court requiring the appellant to do so. The record on appeal was limited to the exhibits and papers filed in the trial court. *See* Minn.R. App.P. 110.01.

**DECISION**

The trial court considered the factors of Minn.Stat. § 518.552 and did not abuse its discretion in awarding temporary spousal maintenance. Absent a showing of the need for financial assistance, the trial court did not abuse its discretion in requiring the

parties to pay their own attorney fees. Appellant has not presented evidence to show that the house-related payments were in lieu of spousal maintenance and her argument fails.

Affirmed.