In re the Marriage of Cynthia Jean
MAIERS, petitioner, Appellant,

v.

Martin John MAIERS, Respondent.

No. A08–2128.

Court of Appeals of Minnesota.

Dec. 15, 2009.

Dianne Wright, Wright Family Law & Mediation, P.L.L.C., Bayport, MN, for appellant.

Linda M. Ojala, Ojala Law Office, Edina, MN, for respondent.

Considered and decided by LARKIN, Presiding Judge; HALBROOKS, Judge; and JOHNSON, Judge.

## OPINION

JOHNSON, Judge.

Cynthia Jean Maiers and Martin John Maiers were married for nearly 17 years before their marriage was dissolved. The district court awarded Ms. Maiers temporary spousal maintenance for five years and reserved jurisdiction over the issue due to uncertainty concerning when she will become self-supporting. On appeal, Ms. Maiers argues that the uncertainty should have caused the district court to award permanent spousal maintenance. We conclude that the district court did not err by awarding temporary spousal maintenance because the district court's uncertainty concerns when, not whether, Ms. Maiers will become self-supporting. Therefore, we affirm.

## FACTS

Mr. Maiers and Ms. Maiers were married in June 1990. Ms. Maiers petitioned for dissolution of the marriage in May 2007. They have three children, who, at the time of trial in April 2008, were 17, 14, and 11 years old, respectively.

During the parties' marriage, Mr. Maiers was the primary income-earner. He graduated from college in 1990 with degrees in mathematics and computer science. He worked in the computer field while attending graduate school until 1996, when he joined his current employer at a salary of $47,000 per year. He advanced in position and salary several times during the marriage and, at the time of trial, was earning $131,500 per year.

During the parties' marriage, Ms. Maiers was primarily a homemaker, although she worked on a part-time basis during most of the marriage. But she was laid off from a part-time job shortly after dissolution proceedings began. She has a degree in social studies and was a licensed social studies teacher at the time of trial. Before trial, she found employment as a flight attendant with Mesaba Airlines. According to her trial testimony, she is guaranteed 75 hours of flight time per month, for which she is paid $15.08 per hour. The parties stipulated that her income at the time of trial was $21,000 per year. The parties do not dispute that she presently is not self-supporting.

At trial, the sole issue for the court was the amount and duration of spousal maintenance that Mr. Maiers would pay to Ms. Maiers. She sought permanent spousal support of $3,500 per month; he proposed a five-year temporary maintenance obligation of $1,600 per month, with the issue of future maintenance reserved. The district court ordered temporary spousal maintenance in the amount of $1,956 per month for five years and reserved the

issue of maintenance for further determination at the expiration of the five-year period. Ms. Maiers appeals.

## ISSUE

Did the district court abuse its discretion by awarding temporary spousal maintenance rather than permanent spousal maintenance?

## ANALYSIS

Ms. Maiers argues that the district court erred by awarding her temporary spousal maintenance rather than permanent spousal maintenance. We apply a clearly erroneous standard of review to a district court's findings of fact concerning spousal maintenance. *Gessner v. Gessner,* 487 N.W.2d 921, 923 (Minn.App.1992); *see also* Minn. R. Civ. P. 52.01. We apply an abuse-of-discretion standard of review to a district court's determination of the proper amount and duration of an award of spousal maintenance. *Dobrin v. Dobrin,* 569 N.W.2d 199, 202 (Minn.1997); *Stich v. Stich,* 435 N.W.2d 52, 53 (Minn.1989); *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). And we apply a *de novo* standard of review to questions of law related to spousal maintenance. *Melius v. Melius,* 765 N.W.2d 411, 414 (Minn.App. 2009).

An award of spousal maintenance "shall be in amounts and for periods of time, either temporary or permanent, as the court deems just, without regard to marital misconduct, and after considering all relevant factors." Minn.Stat. § 518.552, subd. 2 (2008). The relevant factors are the financial resources of the spouse seeking maintenance to provide for his or her needs independently, the time necessary to acquire education to find appropriate employment, the age and health of the recipient spouse, the standard of living established during the marriage, the length of the marriage, the contribution and economic sacrifices of a homemaker, and the resources of the spouse from whom maintenance is sought. *Id.; see also Kampf v. Kampf,* 732 N.W.2d 630, 633–34 (Minn.App.2007), *review denied* (Minn. Aug. 21, 2007). No single factor is dispositive. *Broms v. Broms,* 353 N.W.2d 135, 138 (Minn.1984). In essence, the district court balances the recipient's needs against the obligor's ability to pay. *Prahl v. Prahl,* 627 N.W.2d 698, 702 (Minn.App. 2001).

With respect to the duration of an award of spousal maintenance, a district court must order permanent maintenance "if the court is uncertain that the spouse seeking maintenance can ever become self-supporting." *Aaker v. Aaker,* 447 N.W.2d 607, 611 (Minn.App.1989) (citing Minn.Stat. § 518.552, subd. 3 (1988)), *review denied* (Minn. Jan. 12, 1990). "Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification." Minn.Stat. § 518.552, subd. 3 (2008). In the event of an award of temporary maintenance with a reservation of jurisdiction, a subsequent request to extend spousal maintenance would be based on the factors applicable to awarding maintenance in the first instance, not the standards for a modification of spousal maintenance. *See Gatfield v. Gatfield,* 682 N.W.2d 632, 639 (Minn.App. 2004), *review denied* (Sept. 29, 2004); *Zamora v. Zamora,* 435 N.W.2d 609, 611 n. 1 (Minn.App.1989).

After examining Ms. Maiers's educational history and employment history, the district court found that Ms. Maiers will become self-supporting "at some point." But the district court concluded that "there is some uncertainty whether [Ms. Maiers] can accomplish self-sufficien-

cy within five years." Accordingly, the district court awarded temporary maintenance and reserved the issue of maintenance for further consideration in five years' time.

Ms. Maiers contends that the district court erred by not awarding permanent maintenance because of uncertainty about her ability to become self-supporting. Ms. Maiers relies on *Nardini v. Nardini*, 414 N.W.2d 184 (Minn.1987), in which the supreme court reversed a district court's award of temporary maintenance to a woman who had a high-school education and was a homemaker throughout 31 years of marriage. The supreme court reasoned that the former wife was entitled to permanent spousal maintenance because it was uncertain whether she ever would become self-supporting. *Id.* at 197–99. Ms. Maiers compares herself to the former wife in *Nardini.* But there is a significant difference between them. In *Nardini,* the district court determined that it was uncertain *whether* the former wife would "*ever* become self-supporting." *Id.* at 198 (emphasis added). The supreme court explained: "An award of temporary maintenance is based on the assumption that the party receiving the award not only should strive to obtain suitable employment and become self-supporting but that he or she will attain that goal." *Id.*

In contrast, the district court in this case found that Ms. Maiers will become self-supporting at some point in the future. The uncertainty noted by the district court concerns only *when* Ms. Maiers will become self-supporting, not *whether* she will become self-supporting. Ms. Maiers has a college education and was, at the time of trial, a licensed teacher, although she had taught only as a substitute teacher. Ms. Maiers also is trained and experienced as a flight attendant. The district court noted that Ms. Maiers could maintain or renew her teaching license and could obtain additional hours as a flight attendant. The district court also found that Ms. Maiers is "capable of obtaining additional vocational training in order to become self-sufficient." Ms. Maiers does not challenge these findings of fact but, instead, relies on the district court's comment that "there is some uncertainty if 5 years is a sufficient period of time" for Ms. Maiers to become self-supporting.

Ms. Maiers's age, educational history, and employment history are very similar to those of the women in *Aaker* and in *Hall v. Hall,* 417 N.W.2d 300 (Minn.App. 1988). In *Aaker,* the wife was 39 years old at the time of trial, had a bachelor's degree, and was in good physical and emotional health. 447 N.W.2d at 611. The district court found that her age, educational history, and ability to obtain additional education supported the conclusion that temporary spousal maintenance was appropriate, and this court affirmed. *Id.* Similarly, in *Hall,* the wife also was 39 years old. 417 N.W.2d at 303. She had worked sporadically during the parties' 18–year marriage, had a high-school education, and intended to pursue a college degree. *Id.* at 301. This court affirmed the district court's award of temporary maintenance for three years, noting that "[t]here was no evidence that [Ms. Hall] is unlikely to become self-sufficient." *Id.* at 303.

Ms. Maiers also was 39 years old at the time of trial. She has a bachelor's degree. She worked part-time throughout most of the parties' marriage. And the district court found that she will become self-supporting at some point in the future. A district court does not err by awarding temporary spousal maintenance and reserving jurisdiction after finding that the recipient of maintenance will become self-supporting, even if it is uncertain when the

recipient will become self-supporting. Thus, this case is like *Aaker* and *Hall* and unlike *Nardini.* Indeed, the disposition of this case is consistent with the *Nardini* opinion, which acknowledged that "there might be no need for permanent maintenance" if the former wife had an employment history or if the marriage were shorter and the parties younger. *See* 414 N.W.2d at 198; *see also Reif v. Reif,* 426 N.W.2d 227, 231 (Minn.App.1988) (holding that permanent maintenance is appropriate because "whether and when [former wife] will be able to meet her own needs cannot be determined with certainty").

Ms. Maiers argues that three other portions of the district court order demonstrate that the district court erred by awarding temporary spousal maintenance. First, she contends that the district court applied inequitable standards of living to the two parties. She points to a statement in the district court order that Ms. Maiers "should not reasonably expect to maintain indefinitely into the future a standard of living that lasted for such a short duration during the marriage." The district court's statement appears not to be a reason for awarding maintenance in a particular amount or duration but, rather, merely a comment on the conclusion that temporary maintenance is appropriate. The statement also may be a comment on the realities of dissolution, that both parties may suffer a reduction in standard of living. *See Nardini,* 414 N.W.2d at 198 (stating that "dissolution of a long-term marriage creates financial problems for both parties"). In any event, the statement did not play a substantial part in the district court's decision to award temporary maintenance, a decision that was based primarily on findings about Ms. Maiers's ability to become self-supporting.

Second, Ms. Maiers challenges the district court's statement that her income will increase as the children emancipate. The district court reasoned that Ms. Maiers is effectively working only part-time now and that as the children leave the home, she will be able to increase her work hours. The district court's statement is relevant to its finding that Ms. Maiers will become self-supporting. Ms. Maiers contends that her income will decrease because she will receive less money in child support as the children emancipate. If, in five years' time, the district court enters another award of maintenance, the award may consider, among other things, the extent to which Ms. Maiers's standard of living is affected by the cessation of child-support payments. *See* Minn.Stat. § 518.552, subd. 2(a).

Third, Ms. Maiers challenges the district court's statement that she could earn more money as a teacher than as a flight attendant. She contends that she is not obligated to teach, even though she received a degree in education and possesses a teacher's license. That is true. The district court's review of Ms. Maiers's credentials and employment history reflects that Ms. Maiers is capable of becoming self-supporting in more than one way. The challenged statement is irrelevant to Ms. Maiers's income potential within the next five years because the parties stipulated that her income presently is $21,000 per year.

### DECISION

The district court did not err by awarding Ms. Maiers temporary spousal maintenance for five years and reserving jurisdiction over the issue whether spousal maintenance should be extended beyond that five-year period.

**Affirmed.**