*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0276**

In re the Marriage of:
Janelle M. Schires, petitioner,
Respondent,

vs.

Vernon D. Schires,
Appellant.

**Filed February 8, 2016
Affirmed in part, reversed in part, and remanded
Halbrooks, Judge**

Roseau County District Court
File No. 68-FA-13-664

Michael L. Jorgenson, Charlson & Jorgenson, P.A., Thief River Falls, Minnesota (for respondent)

John T. Burns, Jr., Burns Law Office, Burnsville, Minnesota; and

David A. Barnes, Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Stauber, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the award of spousal maintenance to respondent and the division of marital property, arguing that the district court abused its discretion by

(1) improperly calculating respondent's need for maintenance and appellant's ability to pay and (2) arbitrarily awarding respondent an excessive share of the marital assets. Because we conclude that the district court did not abuse its discretion in dividing the marital assets, we affirm in part. But because the district court did not properly demonstrate through sufficient findings that $1,000 is the amount necessary to provide adequate support to respondent to meet her reasonable needs, we reverse in part and remand.

## FACTS

Appellant Vernon D. Schires and respondent Janelle M. Schires were married on September 5, 1987. They have three children, all of whom are now adults. Appellant and respondent's marriage was dissolved on November 6, 2014. At the time of trial, appellant was 48 years old and respondent was 46 years old.

Appellant is a lifelong farmer who owns and operates a farm on which he grows, harvests, and sells hay bales. His operation also includes custom hay baling for other farmers. Respondent worked for 25 years as a licensed practical nurse (LPN) at a nursing home. She was terminated from her position on January 14, 2014. At the time of trial, respondent was facing potential licensure revocation. She has no other employment experience other than as an LPN. And respondent testified that she has not attempted to gain employment in another field because she does not believe that she is employable without her LPN license.

In May 2014, respondent was awarded $2,000 per month in temporary spousal maintenance. The other issues in the dissolution were tried to the district court. On

2

November 6, 2014, the district court entered judgment, determining that respondent had $239,894.59 in marital assets and appellant had $938,418.05. In an attempt to equalize the assets, the district court awarded respondent a property-settlement payment of $371,761.73, payable at an annual rate of $50,000, with 4% interest accruing on any unpaid amount. In light of the property settlement, the district court reduced the spousal maintenance award by $1,000 per month, granting respondent $1,000 per month in permanent spousal maintenance.

Appellant moved for amended findings. The district court denied appellant's motion, concluding that the original findings were supported by credible evidence presented at trial. This appeal follows.

**D E C I S I O N**

**I.**

Appellant argues that the district court erred in calculating the duration and amount of maintenance. This court applies an abuse-of-discretion standard of review to a district court's determination of a spousal-maintenance award. *Maiers v. Maiers*, 775 N.W.2d 666, 668 (Minn. App. 2009). A district court abuses its discretion when it makes unsupported findings or incorrectly applies the law. *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 716 (Minn. App. 2009), *review granted* (Minn. Sept. 29, 2009), *and appeal dismissed* (Minn. Feb. 1, 2010). "Findings of fact concerning spousal maintenance must be upheld unless they are clearly erroneous." *Gessner v. Gessner*, 487 N.W.2d 921, 923 (Minn. App. 1992). We view the record in the light most favorable to the district court's

findings and defer to its credibility determinations. *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000).

A district court may grant an award of spousal maintenance if it finds that one of the divorcing spouses either:

> (a) lacks sufficient property, including marital property apportioned to the spouse, to provide for reasonable needs of the spouse considering the standard of living established during the marriage, especially, but not limited to, a period of training or education, or
> (b) is unable to provide adequate self-support, after considering the standard of living established during the marriage and all relevant circumstances, through appropriate employment . . . .

Minn. Stat. § 518.552, subd. 1 (2014). An award of spousal maintenance "shall be in amounts and for periods of time, either temporary or permanent, as the court deems just, without regard to marital misconduct, and after considering all relevant factors." *Id.*, subd. 2 (2014). The purpose of the award is to "allow the recipient and the obligor to have a standard of living that approximates the marital standard of living, as closely as is equitable under the circumstances." *Melius v. Melius*, 765 N.W.2d 411, 416 (Minn. App. 2009) (quotation omitted).

Relevant factors include the ability of the spouse seeking maintenance to provide for his or her needs independently, the age and health of the recipient spouse, the standard of living established during the marriage, the length of the marriage, the contribution of both parties to marital property, and the resources of the spouse from whom maintenance is sought. Minn. Stat. § 518.552, subd. 2. No factor is dispositive, and the supreme court has cautioned that "each marital dissolution proceeding is unique

and centers upon the individualized facts and circumstances of the parties and that, accordingly, it is unwise to view any marital dissolution decision as enunciating an immutable rule of law applicable in any other proceeding." *Dobrin v. Dobrin*, 569 N.W.2d 199, 201 (Minn. 1997).

The district court entered a comprehensive 36-page judgment in which it analyzed several of the statutory factors concerning spousal maintenance. But the district court failed to demonstrate how it arrived at the figure of $1,000 per month for permanent spousal maintenance. With regard to respondent's capacity to work, the district court found:

> [Respondent] has made reasonable efforts to obtain employment as an LPN elsewhere since her termination. She has made several applications at other nursing homes, assisted living facilities, and home health care agencies, as well as putting her resume online at the job service site. [Respondent] has no other employment experience other than working as an LPN with Lifecare Manor for 26 years. She would like to find another job as an LPN.

While the district court accurately summarized respondent's efforts to find employment at the time of trial, it did not address respondent's capacity for future full-time or part-time employment and how such future employment, or lack thereof, would affect her need for spousal maintenance. *See Passolt v. Passolt*, 804 N.W.2d 18, 21 (Minn. App. 2011), *review denied* (Minn. Nov. 15, 2011) ("When determining the amount and duration of a maintenance award, the district court must consider, among other things, the ability of the party seeking maintenance to meet needs independently." (quotation omitted)).

The district court also found that "[respondent] testified that her physical health is good, but that she suffers from depression and anxiety, for which she takes medication. She denies that these conditions affect her ability to work." While this is the district court's reiteration of respondent's testimony, it is not a sufficient factual finding. *See Dean v. Pelton*, 437 N.W.2d 762, 764 (Minn. App. 1989) (stating that a district court's recitation of the parties' assertions "is not making true findings" because findings of fact "must be affirmatively stated as findings of the trial court"); *see also Geske v. Marcolina*, 624 N.W.2d 813, 817 n.3 (Minn. App. 2001) (citing this aspect of *Dean*).

Some of the district court findings concerning spousal maintenance address the statutory factors. But the district court provides no detailed explanation of the process it used to award $1,000 per month other than to say that "[t]he Court has lowered its temporary maintenance award in light of the substantial property settlement payment to the [respondent] alleviating some of her need for maintenance . . . ."

Although we conclude that the amount of the district court's maintenance award is not supported by sufficient findings, we discern no error in the district court's award of permanent maintenance. When awarding spousal maintenance, it is proper for the district court to award permanent maintenance "if the court is uncertain that the spouse seeking maintenance can ever become self-supporting." *Maiers*, 775 N.W.2d at 668 (quotation omitted); *see also* Minn. Stat. § 518.552, subd. 3 (2014) ("Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification."). Here, the district court noted the uncertainty of respondent's future employment by recognizing the tension between the

6

length of her employment with a single employer and the possibility of her license revocation and her willingness to look for other employment.

Because the district court abused its discretion by failing to support its maintenance award of $1,000 per month with sufficient findings as required by Minn. Stat. § 518.552, subd. 2, we remand for findings on the issue of the amount of permanent spousal maintenance. The district court may exercise its discretion to determine whether reopening the record on remand is warranted.

## II.

Appellant argues that the district court erred by (1) charging appellant with valuations on property no longer in his possession, (2) assigning improper valuations on bales of hay, (3) assigning the contract for deed for a property to appellant, (4) and including nonmarital farm property in the division of marital property. Upon dissolution, "[t]he court shall make a just and equitable division of the marital property of the parties . . . after making findings regarding the division of the property." Minn. Stat. § 518.58, subd. 1 (2014). These findings shall be based on several factors, including the age, health, employability, needs, occupation, and income of each party. *Id.* Additionally, the court must also "consider the contribution of each in the acquisition, preservation, depreciation, or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker." *Id.*

A district court has broad discretion in dividing property in a marital dissolution case. *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). An appellate court will affirm the district court's "division of property if it had an acceptable basis in fact and

7

principle even though we might have taken a different approach." *Id.* A determination by the district court must be "against logic and the facts on record before this court will find that the [district] court abused its discretion." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). The district court's valuation of an asset is a finding of fact and will "not be set aside unless clearly erroneous on the record as a whole." *Maurer v. Maurer*, 623 N.W.2d 604, 606 (Minn. 2001) (quotation omitted).

**Missing Property**

Appellant claims that the district court abused its discretion by determining that appellant improperly disposed of certain marital assets. He asserts that the items were disposed of in the course of the farm's business, which exempts those transactions from judicial oversight. The governing statute provides:

> If the court finds that a party to a marriage, without consent of the other party, has in contemplation of commencing, or during the pendency of, the current dissolution, separation, or annulment proceeding, transferred, encumbered, concealed, or disposed of marital assets *except in the usual course of business or for the necessities of life*, the court shall compensate the other party by placing both parties in the same position that they would have been in had the transfer, encumbrance, concealment, or disposal not occurred.

Minn. Stat. § 518.58, subd. 1a (2014) (emphasis added). The district court made a determination regarding these assets, stating:

> The parties owned various items of farm machinery and equipment, motor vehicles, household goods, and personal property . . . . [Appellant], however, sold or disposed of a number of such items. Because said items were sold or disposed of without [respondent's] consent, without the Court's consent, and apparently without the [appellant's]

8

attorney's knowledge, such assets will be awarded to [appellant] . . . .

In arriving at the value of the assets, the Court took into account the value set forth in the [appellant's] financial statement signed by him at the time of the parties' separation, and referred to in his answers to interrogatories.

Appellant does not argue that he did not dispose of these items. He contends that these items were disposed of in the ordinary course of business, but he offers no evidence to support his contention that the district court should have exempted those assets from the category of marital property. Therefore, we conclude that the district court did not abuse its discretion, as these findings are amply supported by evidence, including appellant's own financial statements and interrogatory responses.

**Hay Bales**

Appellant argues that the district court erred in its valuation of the hay bales still in his possession. We defer to a district court's determinations of credibility. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). "Evidentiary weight and witness credibility are within the province of the fact-finder." *Melius*, 765 N.W.2d at 417.

Both parties testified concerning the value of the unsold, stored hay. While appellant asserts that the hay bales are worth no more than $14,000, the district court relied on respondent's experience in billing on behalf of the farm and her testimony that the bales have commercial values ranging from $65 to $90 per bale depending on their size. The district court determined that, based on evidence and testimony, the hay bales were appropriately valued at $65 per bale, resulting in a total value of $42,000. This

9

determination is supported by the record. The district court's finding of the value of the hay bales is not clearly erroneous.

**Contract for Deed for Koshenina Property**

Appellant argues that the district court erred by awarding him the parties' interest in a contract for deed on which the parties were in default at the time of trial. Generally, this court will not consider on appeal matters that were not first presented to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Appellant raised this issue for the first time to the district court in his motion for amended findings. An issue raised in a posttrial motion is not properly before the district court. The district court denied appellant's motion for amended findings on this issue, concluding that "[appellant's] requests for findings reflecting subsequent actions or issues between the parties are not appropriately before this court." *See Allen v. Cent. Motors*, 204 Minn. 295, 297, 283 N.W. 490, 492 (1939) (stating that an issue is raised "too late" when first raised in a motion for amended findings). Therefore, we will not consider appellant's request to remove the assignment of the Koshenina contract for deed from his assets.

**Nonmarital Farm Property**

Appellant argues that the district court erred by determining that the farmland the parties lived on was marital property. He claims that the farmland is nonmarital property because it was gifted to him alone, and even if it is rightfully considered marital, he should be awarded a larger share. The district court's decision rests on a credibility determination. With regard to this issue, the district court stated that "[t]he Court

10

considers the farmland referenced above, entirely marital. The Court has a problem with [appellant] and his witnesses' credibility. [Appellant's mother's] testimony was essentially that they decided to . . . make certain that [respondent] got as little as possible from [appellant] in this dissolution."

The district court found that the only support for appellant's claim that the property was a gift from his parents came from appellant and his parents. Respondent testified that there was never any indication that the land was intended as a gift to appellant alone until after the dissolution was filed. Even the attorney who prepared the deed for the transfer of the land testified that "at no time was there ever any statements made by anyone about making a gift to the [appellant] alone," noting that he would have drafted the deed differently had the intent to gift the property to appellant been expressed.

Because the district court's credibility determination rests on testimony by the parties, other witnesses, and the attorney who prepared the deed at issue, we conclude that the district court did not err by determining that the farmland is marital property.

**Affirmed in part, reversed in part, and remanded.**