*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0086**

In re the Marriage of: Kari Wynn Wahlstrom, petitioner,
Respondent,

vs.

Eric David Wahlstrom,
Appellant.

**Filed August 22, 2016
Affirmed
Hooten, Judge**

Washington County District Court
File No. 82-FA-14-1951

Tracey A. Galowitz, Viet-Hanh Winchell, Lawson, Marshall, McDonald & Galowitz, P.A., Lake Elmo, Minnesota (for respondent)

Carl A. Blondin, Oakdale, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Hooten, Judge; and Bratvold, Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

In this marital dissolution dispute, appellant husband argues that the district court abused its discretion in awarding spousal maintenance and need-based attorney fees to respondent wife. We affirm.

## FACTS

Appellant Eric David Wahlstrom and respondent Kari Wynn Wahlstrom were married on September 30, 1995, and are the parents of two children. In 2014, respondent petitioned to dissolve the parties' marriage. The parties were able to come to an agreement regarding several issues related to the dissolution, including the division of marital and nonmarital property. But, the parties were unable to reach an agreement with respect to other issues, including child support for the two minor children, spousal maintenance, and attorney fees.

In lieu of a court trial, the parties agreed to submit their evidence and arguments regarding the disputed issues in writing to the district court. The district court received evidence that appellant's gross income, including an annual bonus, was $10,128 per month. The district court also received evidence that appellant's net income with the bonus was $6,784 per month.

The district court subsequently dissolved the parties' marriage and ordered appellant to pay child support to respondent of $387 for the children, who were almost 16 and 18 years old at the issuance of the judgment and decree. While the district court found that appellant's gross monthly income based upon his earnings was $10,128 and respondent's was $2,429, it failed to make any findings regarding the net income of either appellant or respondent. The district court determined that appellant's reasonable monthly living expenses were $5,135 and respondent's reasonable monthly living expenses were $4,673. Based on these findings, the district court determined that respondent was in need of spousal maintenance and that appellant had the ability to pay spousal maintenance. The

district court ordered appellant to pay respondent permanent spousal maintenance in the amount of $2,500 per month.

Appellant moved the district court to amend the judgment and decree. On November 17, 2015, the district court issued an order amending the judgment and decree. In the order, the district court amended its award of attorney fees to respondent in the original judgment and decree to reflect that the district court was awarding the attorney fees based on respondent's need. The district court ordered appellant to pay respondent $15,000 in need-based attorney fees, finding that the fees were necessary for respondent to make a good faith assertion of her rights, that appellant had the ability to pay the attorney fees, and that respondent did not have the ability to pay. The district court ordered appellant to pay the attorney fees out of his portion of the proceeds from the sale of the parties' home.

Appellant timely filed a notice of appeal. One week later, the district court entered an amended judgment and decree that reflected the amendments made in the November 17 order.

## D E C I S I O N

### I.

Appellant does not challenge the district court's determination that respondent has a need for spousal maintenance, but he argues that the district court abused its discretion in awarding spousal maintenance because his monthly expenses alone nearly equal his net income. We review an award of spousal maintenance for an abuse of discretion. *Melius v. Melius*, 765 N.W.2d 411, 414 (Minn. App. 2009). A district court abuses its discretion

when it improperly applies the law or when it makes findings unsupported by the evidence. *Id.*

The district court must consider all relevant factors when determining the amount and duration of a spousal maintenance award, including "the ability of the spouse from whom maintenance is sought to meet needs while meeting those of the spouse seeking maintenance." Minn. Stat. § 518.552, subd. 2(g) (2014). When deciding whether to award spousal maintenance, the district court essentially balances the obligee's needs against the obligor's ability to pay. *Maiers v. Maiers*, 775 N.W.2d 666, 668 (Minn. App. 2009). "In order to determine ability to pay, the court must make a determination of the payor spouse's net or take-home pay." *Kostelnik v. Kostelnik*, 367 N.W.2d 665, 670 (Minn. App. 1985), *review denied* (Minn. July 26, 1985).

The district court found that appellant's monthly expenses are $5,135. At the oral argument on appeal, appellant conceded that, as set forth in the record, his net monthly income, based upon a gross monthly income of $10,128, was $6,784 after deductions for state and federal taxes. Appellant argues that assuming this net income amount, along with his monthly expenses of $5,135 and his monthly spousal maintenance obligation of $2,500, he would have a cash shortfall each month of $851 per month ($6,784 less $5,135 and $2,500). However, appellant will be able to deduct the spousal maintenance payments from his gross income, which will decrease his tax liability, and, at the same time, increase his income available to meet his monthly expenses. *See* I.R.C. § 215(a) (2012) (allowing "as a deduction an amount equal to the alimony or separate maintenance payments paid during [an] individual's taxable year"). In addition, the district court found that appellant

4

will receive approximately $200,000 in nonmarital property. Even a modest interest rate on that amount will allow appellant another source of income to meet his monthly expenses. Furthermore, as the district court noted, once the marital homestead is sold, as is anticipated under the parties' judgment and decree, appellant's expected monthly expenses will significantly decrease.

Although the district court found that respondent earned a monthly gross income of $2,429, the district court, in determining her need for spousal maintenance, did not make a specific finding regarding the respondent's net monthly income. With appellant's payment of spousal maintenance of $2,500 per month, along with respondent's monthly earned gross income of $2,429, she will receive a total of $4,929 each month. Upon this gross amount, she will owe federal and state income taxes upon her earnings and receipt of spousal maintenance. *See* I.R.C. § 71(a) (2012) (stating that "[g]ross income includes amounts received as alimony or separate maintenance payments"). In light of her monthly expenses of $4,673, she would only have $256 remaining to pay her federal and state tax obligations.

On this record, which demonstrates that respondent has a need for spousal maintenance and appellant has the ability to pay the spousal maintenance awarded, we cannot conclude that the district court abused its discretion in awarding spousal maintenance in the amount of $2,500 per month. We agree with appellant that it would have been preferable if the district court would have specifically determined the net income for both appellant and respondent in awarding spousal maintenance and explained how it calculated the amount awarded. But, in light of evidence in the record regarding appellant's

5

undisputed net income, his monthly expenses, and respondent's need for spousal maintenance, and her monthly expenses, we are able to review the reasonableness of the award of spousal maintenance without these specific findings. Therefore, we do not find it necessary, as requested by appellant, to remand this matter to the district court to make specific findings regarding the parties' net monthly incomes.

## II.

Appellant argues that the district court abused its discretion in awarding need-based attorney fees to respondent. A district court shall award need-based attorney fees if it finds that: the fees are necessary for the good faith assertion of the requesting party's rights; the party from whom attorney fees are sought has the means to pay them; and the requesting party does not have the means to pay them. Minn. Stat. § 518.14, subd. 1 (2014). In the context of reviewing an award of need-based attorney fees, the Minnesota Supreme Court has stated that appellate courts review an award of attorney fees for an abuse of discretion. *Gully v. Gully*, 599 N.W.2d 814, 825 (Minn. 1999). *But see Geske v. Marcolina*, 624 N.W.2d 813, 816 n.1 (Minn. App. 2001) (noting a tension in precedent regarding whether a need-based award of attorney fees is mandatory or discretionary).

Appellant argues that respondent has not satisfied any of the three statutory elements required to sustain an award of need-based attorney fees. He argues that the attorney fees were not necessary for a good faith assertion of respondent's rights because the case proceeded "uneventfully." But, contrary to appellant's argument, even though the parties came to an agreement on several issues, they disputed key issues of spousal maintenance

6

and child support. The attorney fees were therefore necessary for respondent to assert her rights with respect to the disputed issues so that the district court could resolve them.

Appellant argues that he does not have the means to pay the attorney fees. But, there is no merit to this claim in light of the district court's order that the attorney fees that are to be paid to respondent will be paid from appellant's share of the proceeds from the sale of the homestead when it is sold, not from his monthly income.

Appellant argues that respondent will have the means to pay the attorney fees with her share of the proceeds from the sale of the marital homestead and her retirement assets. The district court found that there was a "substantial disparity in the parties' incomes," noting that respondent earns an annual gross income of $29,147 while appellant has an annual income of over $120,000. Also, the district court found that there was substantial disparity in "the division of marital/non-marital assets" under the judgment and decree. Because of respondent's low income, especially as compared to appellant's, and the disparity in the division of marital and nonmarital assets, the district court's finding that she is unable to pay her attorney fees is not clearly erroneous.

Based upon this record, all three statutory elements are satisfied. Respondent has shown that when the parties were unable to settle their dispute, the fees were necessary for the good faith assertion of her claims for child support and spousal maintenance, that appellant will have the means to pay the fees out of his share of the proceeds from the sale of the homestead, and that she did not have the means to pay the fees. The district

court did not abuse its discretion by awarding respondent $15,000 in need-based attorney fees.

**Affirmed.**