**Kirsten L. HASSING (f/k/a Kirsten L. Skjervold), petitioner, Appellant,**

v.

**Troy D. LANCASTER, Respondent.**

**Nos. C7–97–991, C8–97–1017.**

Court of Appeals of Minnesota.

Nov. 24, 1997.

Herbert C. Kroon, Chesley, Kroon, Chambers, Ingman, and Harvey, Mankato, for appellant.

T. Oliver Skillings, Halverson Law Office, Mankato, for respondent.

Considered and decided by SHORT, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Kirsten Hassing, the single mother of seven-year-old T.S., disputes the adequacy of evidence to support the trial court's current placement of the child's custody with his adjudicated father. Because the trial court findings disregard the circumstances of appellant at the time of the hearing, we reverse and remand for further proceedings.

## FACTS

T.S. was born in April 1990, and respondent Troy Lancaster was adjudicated father of the child in 1991. Sole legal and physical custody was then placed with appellant. Four years later, based on evidence that appellant was not providing the child with adequate care, respondent moved for a change in placement of custody. After his initial motion was denied, respondent renewed his motion, and the trial court has now ordered placement of T.S. with respondent.

## ISSUE

Do the trial court's findings sustain its modification of custody?

## ANALYSIS

In order to modify custody, where the custodian has not agreed to modification or the child has not been integrated into the family, Minn.Stat. § 518.18, subd. d(iii) (1996), requires a determination that "[t]he child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."

The trial court made extensive findings of fact regarding the inadequacies of appellant's care of T.S. between 1991 and early 1996. The court also found that the child's behavior and abilities had improved in the year preceding the modification hearing. In the same year, the court found that appellant had worked with human services "to improve her parenting and obtain needed educational and medical services for her children." The court added, "Ms. Hassing has improved her parenting and household skills." And the court noted that early efforts to arrange for visitation by the child's

father were problematic but that "[r]ecent visitation has been proceeding smoothly."

The trial court found that the "present environment endangers [T.S.'s] physical or emotional health or emotional development," but the court pointedly added the observation, which it believed to be supported by this court's decision in *Bjerke v. Wilcox*, 401 N.W.2d 97, 100 (Minn.App.1987), that the child's present environment was "the judicially approved environment" and "is not the current environment or recent environment." The court added, acknowledging that "there has been improvement by the child over the last year," that in considering deficiencies of the child, indicating endangerment, "the entire time period while in the mother's care has been a factor." The trial court also noted that the child's improvements were attributable to service providers and to the involvement the child now had with his father.

Although the trial court's findings recognize improvement in the circumstances of appellant, its findings and conclusions are noticeably silent as to the question of whether the child remained endangered when cared for by his mother. It is evident that the trial court deliberately omitted a finding on this subject, in that it expressly equated the statutory reference to a dangerous "present environment" to the environment experienced by the child over a period of care beginning in 1991.

■ We have recognized that the statutory concept of present environment is a reference to the last judicially created environment, not an alternate care arrangement, such as in *Bjerke*, that has been furnished for the child without court involvement. *Id.*, 401 N.W.2d at 100–01 (addressing circumstances in which grandparents had been providing for child's care, that endangerment had to be measured in respect to the mother who had been awarded custody and who continued to have problems that precluded her provision of care for the child). The trial court correctly looked to *Bjerke* as support for its observation that present environment refers to the "judicially approved environment." But *Bjerke* does not stand for the further trial court proposition that present environment does "not [refer to] the current environment or recent environment."

In addition to the concept of *Bjerke*, the mandate to examine the "child's present environment" requires on its face that there be a determination of the child's environment at the time of the modification and not only the circumstances in previous years. A judicial action on placement of custody is based on the "present" circumstances of the child, not solely on the history of care. *See In re Chosa*, 290 N.W.2d 766, 769 (Minn.1980) (evidence of unfitness in termination of parental rights must address conditions at the time of the hearing). Statutory language on the child's present environment, like the other modification standards of Minn.Stat. § 518.18 (1996), addresses the circumstances in which the child is currently found.

The history of a child's care is a relevant consideration in addressing the child's current circumstances. The history of care may indicate what can be presently expected. There is no evidence in this case that the history of care was used in this fashion. The court found that the child had been endangered, not that the history of the child demonstrated that he remained in a presently dangerous situation.[1]

■ There is evidence in this case that may permit an inference that appellant's care of T.S. continues to pose dangers. The trial court noted a child protection worker's belief that "there would continue to be problems in the household." Similarly, the trial court observed a doctor's observation that T.S. would be put "at risk" if appellant failed to continue therapy. But the trial court's recitation of what others have observed is not a finding of fact that those observations are true. *Dean v. Pelton*, 437 N.W.2d 762, 764 (Minn.App.1989). Nothing in the record

---

1. We note in the trial court's findings and memorandum its consideration of the appellant's care of T.S. during "the entire time period" of her custody. Although these references can be read to suggest attention to the end of that period, the immediate child care situation, we cannot read that meaning into the findings in light of the court's clear choice of refraining from examining the child's immediate circumstances.

shows that the court attempted to determine whether appellant's history poses a continuing danger to the child.

Under these circumstances, we must reverse and remand for a redetermination of the modification motion according to findings that address the question of whether T.S. remained endangered in appellant's care at the time of the modification hearing. On remand, it lies within the discretion of the trial court to determine (a) whether the record should be opened to hear additional evidence on the child's circumstances before the August 1996 modification hearing, (b) whether evidence should be taken on the circumstances of the child since that hearing, or (c) that evidence should be received on both topics. If the trial court takes evidence on developments since the hearing, the decision on the pending motion will be in respect to the facts at the time the case is heard on remand.

**Reversed and remanded.**