*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1471**

In the Marriage of:
Robert Peter Crowley, petitioner,
Respondent,

vs.

Bridget Marie Meyer,
Appellant.

**Filed October 11, 2016
Affirmed; motion to dismiss granted
Bratvold, Judge**

Olmsted County District Court
File No. 55-FA-09-4712

Steven M. Dittrich, Dittrich & Lawrence, P.A., Rochester, Minnesota (for respondent)

Susan M. Gallagher, Gallagher Law Office, L.L.C., Eagan, Minnesota; and

Scott A. Wilson, Minneapolis, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Hooten, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BRATVOLD**, Judge

Appellant Bridget Meyer challenges the district court's denial of her motions to modify custody and to remove the parenting-time expeditor for exceeding his authority.

Because Meyer did not establish a prima facie case for modification of the existing custody arrangement, we affirm. Additionally, we grant respondent Robert Crowley's motion to dismiss Meyer's claim regarding the parenting-time expeditor's authority because she raises a new issue on appeal.

**FACTS**

This appeal arises from the parties' ongoing dispute over the custody of their two minor children following the dissolution of their marriage. Bridget Meyer and Robert Crowley married in 1992. Crowley petitioned to dissolve the marriage in June 2009. The relevant procedural history follows.

In June 2010, consistent with the parties' stipulation, the district court appointed a parenting-time expeditor (PTE). In October 2011, the district court bifurcated the dissolution proceeding by dissolving the marriage and reserving the issues of "custody, care, and control of the minor children" pending further agreement of the parties or court order. In June 2012, shortly before trial on the reserved issues, the parties reached an agreement to share joint legal custody of their children, which was defined as "equal rights and responsibilities, including the right to participate in major decisions determining the children's upbringing, including education, health care, and religious training." They also agreed to have joint physical custody of the children "on a schedule of alternating weeks without further court proceedings." The district court adopted this agreement, which it

entered in its amended judgment and decree as to custody and parenting time in September 2012.[1]

In February 2013, Crowley moved for an emergency order to suspend the existing custody arrangement and for immediate temporary sole "residential and physical custody" of the children. He additionally requested that the order limit Meyer's parenting time and require that she refrain from consuming alcohol. In March 2013, Crowley cited new concerns with Meyer's behavior while caring for the children and again requested an emergency order, which the district court granted, suspending Meyer's parenting time pending further court action. In April 2013, Crowley moved for, and received, an ex parte harassment restraining order against Meyer on behalf of himself and the two children.

In July 2013, the district court ordered that Crowley retain temporary "sole residential and physical custody" of the children and that Meyer have supervised parenting time. Following an August 2013 hearing, the district court noted in its resulting order that Meyer and Crowley were making progress and "each ha[d] exhibited willingness to compromise in the best interests of the children." Between the July and August hearings, Meyer had resumed unsupervised parenting time. Although the district court noted that the parties' goal was "to resume joint physical custody of the minor children," the district court

---

[1] Among other conditions, the judgment and decree stated that, for up to one year from its entry, the PTE "may require that [Meyer] undergo immediate and random alcohol/drug testing during her parenting time and up to 12 hours prior to her parenting time." Additionally, it stated that Meyer "shall participate on a regular and ongoing basis with concurrent counseling and/or program and she shall follow all recommendations of the counselor or program. The [PTE] shall monitor her compliance."

ordered that Crowley retain temporary sole residential and physical custody. Meyer did not challenge the August 2013 order.

On January 15, 2015, Meyer moved to reinstate the original joint custody arrangement set out in the September 2012 amended judgment, to remove the PTE from the case, to remove a psychologist involved in the case, and to impose parenting-time conditions. Crowley opposed the motion and submitted a responsive affidavit, in which he detailed the children's current status in his home, among other facts. On March 19, 2015, after a nonevidentiary hearing, the district court denied Meyer's motion in its entirety. Among other things, the district court stated that Meyer "failed to set forth any evidence to set the case for an evidentiary hearing." Meyer moved for amended findings. On July 15, 2015, the district court denied Meyer's motion to amend. On July 20, 2015, the district court discharged the PTE from the case upon his request.

Meyer appealed from the district court's order denying her motions to "reinstate" joint legal and physical custody and the order denying her motion for amended findings. In September 2015, this court questioned whether it had jurisdiction over Meyer's appeal. In accepting jurisdiction, this court's special-term panel held that, "the August 21, 2013 order that continued respondent's temporary sole residential and physical custody of the children was not a true temporary order, because the award of custody to respondent was of indefinite duration," and "it has now been in effect for more than two years." We therefore concluded, "in effect, appellant's motion to reinstate the joint custody arrangement sought modification of the orders awarding temporary residential and physical custody to respondent." Accordingly, the district court's "March 19, 2015 order is

4

appealable under Minn. R. Civ. App. P. 103.03(h) because the order denies appellant's motion to modify the de facto award of permanent physical custody of the children to respondent." This court also ruled that, while the July 2015 order denying Meyer's motion for amended findings was not independently appealable, it was within this court's scope of review on appeal from the March 2015 order. Additionally, this court referred to the merits panel the question of "whether the arguments raised in section II of appellant's brief are properly before this court."

## D E C I S I O N

### I.     Custody Modification

As a preliminary matter, we assess the nature of Meyer's January 2015 motion because that assessment will affect our analysis of the district court's decision on review. Meyer described the January 2015 motion as one for *reinstatement* of the joint-custody arrangement set out in the September 2012 amended judgment and decree. Yet, we are not bound by the label given to a certain pleading and instead look to the substance. *See Dale v. Pushor*, 246 Minn. 254, 261, 75 N.W.2d 595, 601 (1956) ("A label is of course not necessarily determinative of the purpose and nature of a motion.").

Meyer's use of the term "reinstatement" is not accurate. The district court's multiple orders in 2013 altered the original custody arrangement to grant Crowley sole residential and physical custody of the minor children. Meyer took no action in the district court to challenge these orders, nor did she appeal the orders. Over eighteen months passed before Meyer challenged the modified custody arrangement. This court's special-term panel held that the August 2013 order continuing the temporary award of sole custody to Crowley

5

"was not a true temporary order" because the award "was of indefinite duration." Thus, the special-term panel ruled that Meyer's January 2015 motion was, in effect, a motion to modify the de facto award of permanent physical custody of the children to Crowley. We will not alter the special-term panel's ruling. *See In re Estate of Sangren*, 504 N.W.2d 786, 788 n.1 (Minn. App. 1993) (declining to consider issue decided by special-term panel), *review denied* (Minn. Oct. 28, 1993); Minn. R. Civ. App. P. 140.01 (prohibiting petitions for rehearing in court of appeals). Given the procedural posture, this appeal seeks review of the district court's denial, without an evidentiary hearing, of Meyer's motion to modify what was, in effect, a final custody award.

A district court has broad discretion to provide for the custody of the parties' children. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). To obtain an evidentiary hearing on a motion to modify custody, the moving party must establish a prima facie case for modification by showing: (1) a change of circumstances; (2) modification is necessary to serve the child's best interests; (3) the child's present environment endangers the child's physical health, emotional health, or emotional development; and (4) the benefits of the modification outweigh the detriments with respect to the child. *Id.* The moving party must submit an affidavit setting forth facts supporting the requested modification. Minn. Stat. § 518.185 (2014).

The district court must accept the moving party's allegations as true. *Geibe v. Geibe*, 571 N.W.2d 774, 777 (Minn. App. 1997). Other parties may file opposing affidavits, which the district court may consider if they provide context and are not contrary to the moving party's allegations. Minn. Stat. § 518.185; *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 292

6

(Minn. App. 2007). Whether a district court properly credited a moving party's affidavit is a question of law that we review de novo. *Boland v. Murtha*, 800 N.W.2d 179, 185 (Minn. App. 2011). But we review the district court's determination of whether a prima facie case for modification has been made for an abuse of discretion. *Id.*

On appeal, Meyer asserts that the March 2013 temporary order initially granting Crowley sole residential and physical custody contained deficient findings and the district court erred because it did not conduct an evidentiary hearing. The March 2013 order was temporary and not appealable. *Hennepin Cty. v. Griffin*, 429 N.W.2d 283, 284 (Minn. App. 1988). However, as discussed above, the August 2013 order continued the temporary award of sole custody to Crowley and was not temporary because the custody award was of indefinite duration. If we construe Meyer's argument to be a challenge of the August 2013 order, Meyer's challenge is untimely. Meyer cites no legal authority for challenging the August 2013 order at this late date, well after the time to appeal has expired. *See* Minn. R. Civ. App. P. 104.01 (providing sixty days to appeal from an appealable order); Minn. R. Civ. App. P. 103.03(h) (providing that an order modifying custody is appealable).

Compliance with the rules of appellate procedure is required for an appellate court to properly exercise jurisdiction. *Marzitelli v. City of Little Canada*, 582 N.W.2d 904, 907 (Minn. 1998). While it is troubling that custody was modified in this case without an evidentiary hearing, Meyer did not challenge the modification or lack of an evidentiary hearing for nearly two years. Justice requires stability and finality in custody determinations. *Wopata v. Wopata*, 498 N.W.2d 478, 482 (Minn. App. 1993); *see also Geibe*, 571 N.W.2d at 780 ("Minnesota law rests on a presumption that stability of custody

7

is in a child's best interests."). Meyer may not now challenge the August 2013 order when she failed to do so consistent with the rules of appellate procedure. *See Janssen v. Best & Flanagan, LLP*, 704 N.W.2d 759, 765 (Minn. 2005) ("It is axiomatic that a judgment or appealable order becomes final if a timely appeal is not taken.").

Meyer next asserts that the district court erred in the March 2015 order by failing to make particularized findings in response to her motion to reinstate joint custody. She does not specify the deficiencies in the district court's decision. Instead, she cites *Abbott v. Abbott*, 481 N.W.2d 864, 867 (Minn. App. 1992), for the principle that appellate courts "unwaveringly remand[] decisions modifying custody when there have been inadequate findings to demonstrate that the appropriate factors were considered." Meyer's argument overlooks that the district court declined to modify custody in the order she appeals. In fact, *Abbott* states that, if the district court "determines that the affidavit evidence submitted by the moving party fails to make out a prima facie case for modification according to the statutory factors," the district court "need only state that such is the case, it need not make specific findings on the statutory findings themselves." *Abbott*, 481 N.W.2d at 868. Here, because the district court ruled that Meyer failed to establish a prima facie case for modification, it was not required to make particularized findings. Indeed, Meyer's failure to make a prima facie case to modify custody required the district court to deny her motion without holding the evidentiary hearing that would have been a prerequisite for making findings of fact. *See Szarzynski*, 732 N.W.2d at 292 ("Whether a party makes a prima facie case to modify custody is dispositive of whether an evidentiary hearing will occur on the motion.").

8

Meyer next argues that the district court erred because it did not accept the assertions in her affidavit as true. A comparison of her affidavit to the district court's order belies this argument. Her affidavit details her dissatisfaction with the current custody arrangement; asserts facts that she believes warrant removal of her teenage daughter's therapist; and presents her requests for additional parenting time, parenting-time conditions, and to remove the PTE. Notably, her affidavit does not address the statutory grounds for modification: Meyer makes no mention of any change in circumstances; how modification is necessary to serve the children's best interests; how the children's present environment endangers their physical health, emotional health, or emotional development; nor whether the benefits of the modification outweigh the detriments with respect to the children. *See* Minn. Stat. § 518.185 (requiring moving party to set forth facts establishing custody-modification factors in affidavit). Thus, Meyer's affidavit does not contain assertions which, if true, would allow the district court to make findings that would support a modification of custody.

Meyer relies on *Hassing v. Lancaster* in arguing that the district court erred by failing to properly determine the children's present environment. 570 N.W.2d 701 (Minn. App. 1997). In *Hassing*, the district court found that the child was endangered in the mother's care and modified the mother's sole legal and physical custody by removing the child from the mother's care and placing him with his father. *Id.* at 702. This court noted that the district court's modification order relied heavily on facts underlying the father's earlier motion to modify custody, which addressed facts between 1991 and 1996, but disregarded improvements the mother made in the year before the custody-modification

9

proceeding. *Id.* at 703. We clarified that although "the statutory concept of present environment is a reference to the last judicially created environment," the district court must examine the child's status in that environment at the time of the proposed modification rather than simply the circumstances in previous years. *Id.* Because the district court's findings inadequately addressed the child's current endangerment in the last judicially created environment, this court reversed and remanded for "a redetermination of the modification motion according to findings that address the question of whether [the child] remained endangered in [the mother's] care at the time of the modification hearing." *Id.* at 704. *Hassing* therefore holds that "present environment" means "the last judicially determined custodial care arrangement and the safety of that environment at the time the modification issue is determined by the trial court." *Id.* at 702.

Ignoring the fact that Meyer's failure to make a prima facie case to modify custody is independently fatal to her motion, her reliance on *Hassing* is misplaced for at least two reasons. First, *Hassing* is inapposite to this case because the district court in *Hassing* modified custody, whereas the district court in this case did not modify custody in the order Meyer appeals. Second, even if the district court were required to consider the children's "last judicially determined custodial care arrangement and the safety of that environment at the time the modification issue is determined," *id.*, this refers to the children's custodial placement with Crowley.

Meyer additionally argues that the district court erred because "the absence of an initial evidentiary hearing resulted in a temporary order modifying the stipulated agreement to joint physical custody of the minor children and substantially limited her parenting time

10

with the minor children." At oral argument, Meyer acknowledged that she is not asking the court to remand for an evidentiary hearing and instead asks the court to reinstate the original custody arrangement.

Importantly, "a proponent of change is entitled to an evidentiary hearing upon showing a prima facie case for the requested modification." *See Nice-Peterson v. Nice-Peterson*, 310 N.W.2d 471 (Minn. 1982). However, as discussed above, Meyer's affidavit does not address the statutory factors required to support a change in custody and, therefore, does not establish a prima facie case. *See id.* at 472 ("The burden is upon the movant to establish satisfactorily on a preliminary basis that there has occurred a significant change of circumstances from the time when the original or amended custody order was issued," and "the significant change of circumstances must endanger the child's physical or emotional health or the child's development." (citation omitted)). Therefore, the district court did not abuse its discretion when it determined that Meyer was not entitled to an evidentiary hearing in response to her January 2015 motion. *See id.* (noting that, because father's affidavit did not "set forth any change in circumstances sufficient to justify a modification of the custody award," the district court "did not abuse its discretion in denying the motion on affidavits and in refusing to schedule an evidentiary hearing").

In sum, the district court properly concluded that Meyer failed to establish a prima facie case to modify the current custody arrangement. Accordingly, the district court was justified in denying her requests for an evidentiary hearing and modification of custody.

## II. Parenting-Time Expeditor

We next address the issue that this court's special-term panel referred to the merits panel: "whether the arguments raised in section II of appellant's brief are properly before this court." In section II of her brief, Meyer contends that the district court abused its discretion by "appointing a PTE with authority to make decisions beyond the statutory scope of authority," and that the PTE's decisions that go beyond his statutory authority are accordingly invalid. She maintains:

> There is no authority in the PTE statute that authorizes a PTE to issue a decision to require alcohol testing, require chemical dependency treatment, require therapy, mental health assessments, to make decisions regarding the children's extracurricular activities, to substantially or otherwise modify or alter parenting time, to make decisions affecting the custody of the children of the parties, or to make any findings related to endangerment, as the PTE decisions in this matter demonstrate.

Crowley asserts that this portion of Meyer's appeal should be dismissed because Meyer seeks relief different from what she sought from the district court, effectively raising a new issue on appeal. Crowley contends that Meyer's sole request of the district court was to dismiss the PTE. On appeal, Meyer maintains that she now seeks review of "the lower court's error in granting the PTE authority beyond the statute and the consequence of the PTE's many rulings in the exercise of (and in excess of) that authority."

We agree with Crowley that the issue Meyer raises on appeal is different from the issue she raised to the district court. In her motion and supporting affidavit, Meyer asked for the PTE's removal. At the motion hearing, she stated she was seeking his removal for

12

"good cause."[2] Critically, the PTE's removal is now moot, as Meyer conceded at oral argument, because the PTE was discharged in July 2015. Meyer has not previously challenged the June 2010 order appointing the PTE nor any of his decisions by making appropriate motions in the district court. Because Meyer raises a new issue on appeal, we need not consider her argument regarding the PTE's authority. *See Thiele v. Stitch*, 425 N.W.2d 580, 582 (Minn. 1988) (precluding review of issues raised for the first time on appeal). Accordingly, Crowley's motion to dismiss is granted.

We note that, even if we were to consider the argument's merits, Meyer cannot succeed. Meyer overlooks that Minnesota law authorized the PTE's authority to issue the very decisions she now contests. *See* Minn. Stat. § 518.1751, subd. 3 (c) (stating that the PTE shall not make decisions inconsistent with an existing parenting-time order, "unless the parties mutually agree"). Also, the parties stipulated to the PTE's authority and the stipulation was incorporated in the September 2012 judgment and decree regarding custody and parenting time. *See Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997) (noting that a stipulation between the parties "merges" into the judgment when it is adopted by the district court, and that after its adoption by the district court, the stipulation is no longer subject to

---

[2] Removal of a PTE is available where, like here, a PTE has been appointed indefinitely. Minn. Stat. § 518.1751, subd. 5a (2014). ("If a parenting time expeditor has been appointed on a long-term basis, a party or the expeditor may file a motion seeking to have the expeditor removed for good cause shown.").

attack and relief must come from re-opening the judgment under section 518.145, subdivision 2). We accordingly conclude that Meyer is not entitled to the relief she seeks.

**Affirmed; Motion to Dismiss Granted.**